UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARK HURST,

    Petitioner,

    v.                                        CAUSE NO.: 3:19-CV-283-JD-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Mark Hurst, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (WCC 18-11-148) at the Westville Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of conspiracy with another person to commit any Class A offense in violation of Indiana Department of Correction Offense A-111. Following a disciplinary hearing, he was sanctioned with a loss of one hundred eighty days of earned credit time and a demotion in credit class. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Hurst argues that he is entitled to habeas relief because he did not receive adequate notice of the charges because the charged offense was changed from trafficking (Offense A-113) and the manufacture or possession of intoxicants (Offense B-231) to conspiracy. These three charges were all based on the following conduct report:

> On November 3, 2018, at approximately 4:30 PM, I, Sergeant Freyek, observed Offender Hurst attempt to pass a coffee bag filled with an unidentified liquid substance through the side door of his cell (A5-101) in an effort to have it delivered to cell A5-105. Upon retrieving the bag, I determined that the unknown liquid substance with homemade alcohol, or "hooch."

Prisoners are entitled to notice of the basis of the disciplinary charges against them as well as a hearing in which to defend themselves. *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). These requirements are satisfied even if the charge is subsequently amended during, or even after, the disciplinary hearing if the underlying factual basis of the original charge was adequate to give the prisoner notice of the allegations against him and if the defense to the amended charge would be the same as the defense to the original charge. *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003); *Portee v. Vannatta*, 105 F. App'x 855, 856 (7th Cir. 2004).

Here, the same factual allegations were used to support the initial and amended charges. Moreover, while Hurst asserts that the amendment rendered him unable to prepare any defense, it is unclear how his defense would have been different absent the amended charge. Though Hurst represents that the amendment violated departmental policy, the failure to follow departmental policy does not rise to the level of a constitutional violation. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). Therefore, the claim that Hurst received inadequate notice of the charges is not a basis for habeas relief.

Hurst further argues that he is entitled to habeas relief because he did not have a lay advocate. He states that, as a result, he did not understand the amended charge and did not ask to present a correctional officer as a witness. For disciplinary proceedings, prisoners are entitled to a lay advocate if they are illiterate or if the complexity of the issues makes it unlikely that they will be able to adequately collect and present evidence. *Wolff v. McDonnell*, 418 U.S. 539, 570 (1974); *Miller v. Duckworth*, 963 F.2d 1002, 1004 (7th Cir. 1992). Hurst's filings demonstrate that he is literate, and the disciplinary charge, which involves a single incident, is not particularly complex. Therefore, the claim that Hurst did not have a lay advocate is not a basis for habeas relief.

Finally, Hurst argues that the Warden stated certain facts incorrectly in denying his appeal of the disciplinary findings. While the Warden misstated a cell number in the appeal decision, it is unclear how this mistake amounts to a constitutional violation. *See Wolff*, 418 U.S. at 563-66 (listing due process protections for prison disciplinary proceedings); *White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (warning against adding additional due process protections beyond those provided by *Wolff*). Therefore, the claim regarding the appeal decision is not a basis for habeas relief.

Because it is clear from the petition and attached exhibits that Hurst is not entitled to habeas relief, the petition is denied. If Hurst wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds

pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the petition pursuant to Section 2254 Habeas Corpus Rule 4;

(2) WAIVES the filing fee;

(3) DIRECTS the clerk to enter judgment and to close this case; and

(4) DENIES Mark Hurst leave to proceed in forma pauperis on appeal.

SO ORDERED on April 29, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT